UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL CAIVARY GRAY,

    Petitioner,                                  Civil No. 2:18-CV-12318
                                              HONORABLE ARTHUR J. TARNOW
v.                                            UNITED STATES DISTRICT JUDGE

DANIEL LESATZ,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Earl Caivary Gray, ("petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* petitioner challenges his conviction for felon in possession of a firearm, M.C.L.A. 750.224f, carrying a concealed weapon, M.C.L.A. 750.227, and and possession of a firearm during a felony, second offense, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. Background

Petitioner was convicted following a bench trial in the Wayne County Circuit Court.

1

Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Gray,* No. 336625, 2018 WL 1072608 (Mich.Ct.App. Feb. 27, 2018). Petitioner's application for leave to appeal was rejected by the Michigan Supreme Court on May 4, 2018 because it was untimely filed. [1]

On July 18, 2018, petitioner filed a petition for writ of habeas corpus with this Court. [2] It is unclear whether petitioner seeks habeas relief on two or three grounds. In the body of his petition, he seeks habeas relief on two grounds. However, on page 11 of his petition (ECF # 1, Pg ID 11), he seems to imply that he seeks habeas relief on the following three grounds:

> I. No probable cause nor reasonable suspicion to investigate defendant, the evidence as a result of the search should be suppressed as the fruit of the poisonous tree.
>
> II. Defendant's right to due process of law were (sic) violated by the trial court failure to specify the basis for (the) finding of guilt of the felony firearm.
>
> III. Ineffective assistance of trial counsel for failing to investigate and prosent the trial court with a motion/oral argument on behalf of

---

[1] The Court obtained some of the information concerning petitioner's appellate history from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com.

[2] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Because petitioner's habeas petition is signed and dated July 18, 2018, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

defendant as it relates to MCL 750.227(B) and MCR 2.517 (A) in regards to the felony firearm count.

## II. Discussion

The instant petition must be dismissed because none of the claims have been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). Federal district courts must dismiss habeas petitions which contain unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160

(6th Cir. 1994). The instant petition is subject to dismissal, because petitioner failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to his claims. Petitioner, in fact, acknowledges in his petition that he did not properly exhaust any of his claims with the Michigan courts prior to seeking habeas relief.

Petitioner's first two claims were raised before the Michigan Court of Appeals on his appeal of right. Although petitioner attempted to raise these claims in his application for leave to appeal to the Michigan Supreme Court, that application was rejected for being untimely filed.

A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002). Because petitioner failed to raise his first two claims before the Michigan Supreme Court in a timely manner as part of the direct appeal process, the claims are unexhausted. *See e.g. Rupert v. Berghuis*, 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008).

Petitioner acknowledges that his ineffective assistance of counsel claim was never presented on his appeal of right. Petitioner argues that the claim was not presented because his appellate counsel refused to raise the claim in his appellate brief or assist petitioner in raising the claim in a *pro per* supplemental brief.

4

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). The mere fact that appellate counsel may have been ineffective in failing to raise petitioner's ineffective assistance of trial counsel claim on his appeal of right would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust his claim or claims, as the Court will explain below. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967).

Petitioner has an available state court remedy with which to exhaust his claims. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his

5

unexhausted claims to the state court in the first instance, See *Rhines v. Weber,* 544 U.S. 269 (2005), a stay of the petition is unnecessary in this case.

The Michigan Court of Appeals affirmed petitioner's conviction on February 27, 2018. Petitioner's application for leave to appeal was rejected as untimely by the Michigan Supreme Court.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his or her judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. See *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

6

Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.305(C)(2)(a). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on May 28, 2018, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

Petitioner filed the instant petition with this Court on July 18, 2018, after less than three months had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust these claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or

7

appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III. Conclusion

The Court dismisses the petition for writ of habeas corpus without prejudice. The Court also denies petitioner a certificate of appealability. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[3] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

Dated: August 7, 2018

s/Arthur J. Tarnow
HON. ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT COURT